FAJARDO, DEMANDANTE Y APELADO, *v.* FAJARDO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un procedimiento de *mandamus.*

MOCIÓN para desestimar la apelación.

No. 2235.—Resuelto en mayo 28, 1920.

DESESTIMACIÓN DE APELACIÓN—APELACIÓN FRÍVOLA.—La sección 59 del Reglamento de este Tribunal, tal como está redactada y ha sido interpretada, requiere, para desestimar una apelación, que se demuestre que el apelante no ha proseguido el recurso con la debida diligencia, o de buena fe, o que la apelación es frívola y, además, que hayan transcurrido noventa días contados a partir de la fecha en que el recurso se interpuso. Ahora bien, esa regla no impediría al Tribunal Supremo desestimar una apelación de tal manera frívola que su interposición constituyera una manifiesta burla de la administración de la justicia, antes del transcurso de los noventa días, pero no se ha demostrado que ese sea el caso de autos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Arnaldo.*

Abogados del apelado: *Sres. Feliú & Alemañy.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se pide por el demandante la desestimación del recurso de apelación interpuesto por el demandado. El demandante solicitó la expedición de un auto de *mandamus* ordenando al demandado que permitiera la inspección de determinados libros de la "Central Eureka", de cuya corporación era presidente el demandado. El auto se expidió en forma condicional y se notificó el 26 de marzo último. El 6 de abril siguiente, día fijado para la comparecencia de las partes, la demandada radicó una moción jurada de allanamiento, pero manifestando que algunos de los libros de la corporación no se encontraban en sú poder y sí en el de Mateo Fajardo, que se hallaba en los Estados Unidos. Manifestó además el demandado que se había ordenado a Fajardo la remisión de los libros y que él regresaría a Mayagüez el 21 del propio mes de abril. La corte entonces, de acuerdo con las partes, dejó en vigor el auto condicional hasta el 22 de abril, en cuya fecha debería comparecer el demandado a mostrar causa por qué había dejado de cumplir, en su caso, el auto. El 22 de abril el demandado manifestó que aun no tenía en su poder los libros, que Mateo Fajardo trató de remitirlos con un amigo y no pudo y los reservaba bajo su custodia para traerlos personalmente, y pidió a la corte que denegara finalmente la solicitud. La corte no accedió, libró el auto e impuso el pago de las costas al demandado. Este interpuso entonces el presente recurso de apelación, notificando su escrito el 24 de abril último.

Así las cosas, la parte apelada, el 3 de mayo actual, radicó una moción solicitando la desestimación del recurso por ser éste frívolo y haberse interpuesto con el solo objeto de demorar y entorpecer el cumplimiento de la ley y la administración de la justicia.

La vista de dicha moción se celebró el 17 de mayo actual. El demandante invocó en apoyo de su moción la regla 59 de las de este tribunal, y el demandado sostuvo que la apelación no podía desestimarse porque no había transcurrido el término de noventa días fijado en la propia regla invo-

cada y, además, porque la apelación no era frívola por lo menos en el particular relativo a la imposición de las costas.

La regla de que se trata, dice así:

"59. Expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el tribunal a discreción podrá desestimar una apelación que no haya sido anteriormente registrada en este Tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, o que tal apelación es frívola."

Dicha regla ha sido interpretada por este tribunal, del siguiente modo:

"El solo transcurso de los noventa días fijados en la regla 59 para solicitar la desestimación del recurso de apelación, no basta para que así se acuerde, sino que es necesario además, que se demuestre que la apelación es frívola o que no se ha procedido con la debida diligencia." Véase el caso de *Pérez* v. *Pérez et al.*, 22 D. P. R. 178, y los en él citados.

Tiene, pues, razón el apelante. La regla tal como está redactada y ha sido interpretada requiere el transcurso de noventa días y, además, que se pruebe bien que el apelante no ha proseguido su apelación con la debida diligencia, o de buena fé, o que tal apelación es frívola.

Resumiendo la jurisprudencia sobre la materia, dice Corpus Juris:

"Aunque una corte de apelación pueda tener el poder para desestimar una apelación cuando es manifiesta y palpablemente frívola y sin ningún mérito, ese poder no se ejercerá, como una regla, para desestimar por tal fundamento sino para confirmar la sentencia de la corte inferior, ni dicho fundamento será considerado a menos que sea perfectamente manifiesto del record que tal era el propósito de la apelación." 4 C. J. 574.

Nuestra decisión interpretando la regla en el sentido que dejamos expuesto no debe entenderse como negando todo poder a esta corte para desestimar antes de los noventa días de interpuesta, una apelación que sea de tal manera frívola

que constituya una clara y manifiesta burla de la administración de la justicia. Pero no se ha demostrado de una manera clara y manifiesta que ese sea el caso que resolvemos.

Por virtud de todo lo expuesto, debe declararse no haber lugar a desestimar por ahora la apelación aquí establecida.

*Sin lugar la moción de desestimación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.