MARÍA LUISA SANTIAGO y MARÍA SANTIAGO SOTO en representación de sus hijos menores MAXIMINO y PEDRO SANTIAGO, demandantes y apeladas, v. ENCARNACIÓN HERNÁNDEZ VDA. DE MAXIMINO ZAYAS VÁZQUEZ; GENEROSO, ETELVINA, ALFONSO y JACINTO ZAYAS HERNÁNDEZ, representado éste por su madre con patria potestad ENCARNACIÓN HERNÁNDEZ, demandados y apelantes.

No. 5605.—*Sometido:* Marzo 9, 1931. *Resuelto:* Marzo 31, 1931.

*M. Rodríguez Alberty,* abogado de los apelantes; *C. Domínguez Rubio,* abogado de las apeladas.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se pide en este caso por los apelados la desestimación de la apelación, por frívola.

De la demanda aparece que Maximino Zayas falleció el 9 de junio de 1927. Una de las cláusulas del testamento que otorgara y bajo el cual murió, dice: "Lego a María Luisa, a Maximino y a Pedro Santiago, hijos naturales de María Santiago Soto, la cantidad de quinientos dólares a cada uno de ellos." En el propio testamento instituyó herederos en el remanente de sus bienes a sus hijos legítimos Generoso, Etelvina, Alfonso y Jacinto Zayas, por partes iguales, y a su esposa Doña Encarnación Hernández, en la cuota en usufructo que determina la ley. Los legatarios son los demandantes. Los herederos los demandados.

Se alega además en la demanda que el 9 de julio de 1928 se otorgó un contrato entre los legatarios y los herederos a virtud del cual se prorrogó el pago de los legados hasta el 8 de julio de 1929, abonando los herederos a los legatarios $225 de intereses.

Y se alega, por último, el vencimiento de la prórroga sin que los legados se satisficieran, pidiéndose una sentencia decretando el pago de los $1,500 reclamados.

Se emplazó a los demandados, no comparecieron y se anotó su rebeldía. En el día señalado, 2 de enero de 1931, se llamó el caso para su vista. Sólo asistieron los demandantes. Se practicó prueba. Y la corte dictó sentencia declarando la demanda con lugar, sin especial condenación de costas.

El 31 de enero de 1931, los demandados apelaron para ante este tribunal, y el 9 de febrero los demandantes pidieron la desestimación del recurso notificando su petición al abogado de los apelantes. La vista de la moción se celebró el 2 de marzo actual sin asistencia de las partes.

Basta la mera exposición de los hechos que antecede para concluir que se trata de un recurso interpuesto con el único

propósito de dilatar la ejecución de la sentencia. Ni en la corte *a quo,* ni en esta Corte Suprema, comparecieron los demandados y apelantes, y el derecho de los demandantes y apelados surge claro del testamento otorgado por el causante de los demandados, les fué por éstos expresamente reconocido en el contrato sobre prórroga y pago de intereses y quedó consagrado por una sentencia basada en la demanda, en la rebeldía de la parte demandada y en la prueba aducida en el juicio.

Podría decirse que a la fecha en que fué radicada la moción de desestimación y aun a la en que fué vista, no habían transcurrido noventa días contados a partir de la de la interposición del recurso, enero 31, 1931, y, por tanto, que la desestimación no procedía de acuerdo con la regla 59 del Reglamento de este tribunal.

Sin embargo, si bien dicha regla tal como está redactada y ha sido interpretada "requiere el transcurso de noventa días y, además, que se prueba bien que el apelante no ha proseguido su apelación con la debida diligencia, o de buena fe, o que tal apelación es frívola," (*Fajardo* v. *Fajardo,* 28 D.P.R. 523, 525) se ha decidido por esta misma Corte en el propio caso citado que esa interpretación de la regla "no debe entenderse como negando todo poder a esta corte para desestimar antes de los noventa días de interpuesta, una apelación que sea de tal manera frívola que constituya una clara y manifiesta burla de la administración de la justicia." *Fajardo* v. *Fajardo,* 28 D.P.R. 523.

Y ése es, en verdad, aquí el caso. *Procede, en tal virtud, la desestimación solicitada.*